

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 29, 1976

The Honorable Chet Brooks
Chairman
Committee on Human Resources
State Senate
Austin, Texas   78711

Opinion No. H-913

Re:  Authority of the
Board of Examiners in the
Basic Sciences to alter
the minimum educational
requirements for students
in the healing arts.

Dear Chairman Brooks:

You ask our opinion regarding the powers of the State
Board of Examiners in the Basic Sciences under article
4590c, V.T.C.S.

This statute provides a legislative scheme by which
basic science competence is certified for persons who seek
to practice the healing arts.  The State Board of Examiners
in the Basic Sciences is composed of six members appointed
by the Governor and confirmed by the Senate.  Each member
is required to be knowledgeable in the basic sciences and to
be a faculty member at a college or university.

Section 1 of the Act provides that no person may be
permitted to take an examination for a license in the
healing arts or may be granted a license unless the individual
has been certified by the Basic Science Board as being
proficient in the basic sciences which are defined by statute
as being anatomy, physiology, chemistry, bacteriology,
pathology, and hygiene and public health.  There are three
ways in which a person may be certified by the Board.  One
is by reciprocity.  Sec. 8.  A second manner is by successful
completion of an examination administered by the Board.  Sec.
6.  The third method is by waiver of examination due to
successful completion of college courses in the basic
sciences.  Sec. 16-a.  Section 16-a, which permits waiver
of examination, provides:

> Sec. 16-a.  The Board shall issue a cer-
> tificate of proficiency to any person who is
> otherwise qualified by law and who shall present
> to the Board, a transcript of credits certifying
> that such person has satisfactorily completed
> sixty (60) or more semester hours of college
> credits at a college or university which issues
> credits acceptable by The University of Texas
> leading toward a Bachelor of Arts or a Bachelor
> of Science Degree; said college or university
> credits shall include the satisfactory comple-
> tion of all of the subjects enumerated in Section
> 1 of this Act with an average of seventy-five
> percent (75%) or better in each of such courses;
> and The University of Texas shall offer at the
> Main University, at Austin, Texas, beginning
> with the fall semester 1949, courses in each of
> the above-enumerated subjects.

In 1951, a group of basic science courses to be taken in
lieu of examination was announced.  In 1975, the Board
approved a revised course schedule on the recommendation of
the University of Texas at Austin.  The original list of
courses could be completed in two years of college study,
while the new list, although it consists of under 60 semester
hours, includes sequential courses normally requiring three
academic years to complete.

You inquire about the allocation of authority for
establishing course requirements between the University and
the Board.  Since the Board has approved the recommendations
made by the University, we need not consider the effect of
course changes recommended by the University, but not accepted
by the Board.  But cf. Attorney General Opinion M-181
(1968) (semble).  Therefore, we turn to your second question.
You ask whether the Board has authority to mandate new
standards for the basic science certificate without legisla-
tive action.

The Board is authorized to issue certificates of pro-
ficiency in certain statutorily named subjects and to
determine whether credits taken by applicants show the
satisfactory completion of those subjects.  V.T.C.S. art.
4590c, §§ 1, 16-a.  The statute does not detail how the
Board must determine that completion of particular courses
insures the applicant's proficiency in the required subjects;

however, the Board has authority "to make such rules and regulations, not inconsistent with the law, as it deems expedient to carry this Act into effect." V.T.C.S. art. 4590c, § 4.  An administrative agency may exercise its rule making power to provide certain details in harmony with, and not inconsistent with, the act it enforces.  Gerst v. Oak Cliff Savings and Loan Association, 432 S.W.2d 702, 706 (Tex. Sup. 1968).  We believe, then, that the Board may promulgate a list of courses necessary for certification under section 16-a.  Since the Board has power to so establish course requirements for the basic science certificate without legislative action, we believe it has authority to amend these requirements within the statutory framework.  See Railroad Commission v. Shell Oil Co., 161 S.W.2d 1022 (Tex. Sup. 1942).

You also ask whether the Board has authority to require sequential courses, so that the course work required for certification without examination under section 16-a might take more than two academic years to complete.  The new list of basic science courses would take fewer than sixty semester hours to complete, so no question is presented as to whether the Board could require an applicant to complete more than sixty hours.  Article 4590c does not state or imply that applicants for the basic sciences certificate must always be able to finish their course work in two years.  Accordingly, it is our opinion that under the statute as it currently reads, the Board may require that some courses be taken in sequence even though students at some institutions may be unable to take all courses during a two year period.

### S U M M A R Y

The Board of Examiners in the Basic Sciences has authority to determine the coursework necessary to promulgate a list of courses necessary for certification in the basic sciences under article 4590c, V.T.C.S.  It may require sequential courses that cannot necessarily be completed within two years.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3833

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb